**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY BOCCELLA and JOSEPH BOCCELLA, JR., | ) ) ) | **CIVIL ACTION** |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. _____ |
| BOCCELLA ACQUISITIONS LLC, BOCCELLA PRECAST PRODUCTS LLC, JAMES M. LYNCH and JOHN C. LORENTZEN, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>**

Defendants Boccella Acquisitions LLC, Boccella Precast Products LLC, James M. Lynch, and John C. Lorentzen hereby remove this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441(a), and 1446 on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on Plaintiffs' counsel, and a Notice of Filing a Notice of Removal is being filed with the county clerk of the state court where this action is currently pending.

**PROCEDURAL HISTORY AND INTRODUCTION**

1.     On February 13, 2026, Plaintiffs Anthony Boccella ("Anthony") and Joseph Boccella Jr. ("Joseph" and collectively with Anthony, "Plaintiffs") filed a Complaint And Demand For A Trial By Jury (the "Complaint") in the Philadelphia County Court of Common Pleas naming Boccella Acquisitions LLC ("Boccella Acquisitions"), Boccella

Precast Products LLC ("Boccella Precast"), James M. Lynch ("Lynch"), and John C. Lorentzen ("Lorentzen") as Defendants.  A copy of the Complaint is attached as Exhibit A.

2.      Boccella Acquisitions was served with a Notice to Defend and the Complaint on February 25, 2026.  Boccella Precast was served with a Notice to Defend and the Complaint on February 20, 2026.  Lynch was served with a Notice to Defend and the Complaint on March 2, 2026, and Lorentzen was served with a Notice to Defend and the Complaint on March 4, 2026.  Copies of the Affidavits of Service evidencing the foregoing are attached as Group Exhibit B.

3.      Plaintiffs' Complaint asserts six counts principally related to their former interest in Boccella Acquisitions.  Specifically, Counts One, Two, and Three seek money damages against Boccella Acquisitions for an alleged breach of a Membership Interest Repurchase Agreement or, alternatively, reformation of the agreement.  Count Four also seeks money damages against Boccella Acquisitions for breach of the company's Operating Agreement, and Count Six seeks money damages against Lynch and Lorentzen for their alleged breach of fiduciary duty as members of the Boccella Acquisitions Board of Directors.  Lastly, Count Five seeks a declaration that Plaintiffs are not bound by the terms of their Non-Disclosure and Non-Competition Agreements with Boccella Precast.

## BASIS FOR REMOVAL

**I.      Removal Is Proper Because This Court Has Subject
Matter Jurisdiction Pursuant To 28 U.S.C. §§ 1332 And 1441(b)**

4.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs.  Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

**a.**   ***There Is Complete Diversity Of Citizenship Among The Parties***

5.   The Boccellas are both citizens of the State of New Jersey. "The citizenship of a natural person is the state where that person is domiciled." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). The Complaint alleges that Anthony resides in Medford, New Jersey, and Joseph resides in Sicklerville, New Jersey. (Compl., ¶¶ 5, 6.) Both have New Jersey driver's licenses and are registered to vote in New Jersey. They are domiciled in New Jersey.

6.   Because Defendant Boccella Acquisitions is a limited liability company (*Id.*, ¶ 7), it takes the citizenship of all of its members. *GBForefront, L.P.*, 888 F.3d at 34. The Complaint does not plead the states of citizenship of the members of Boccella Acquisitions, but the members and their states of citizenship are identified on the attached Exhibit C. If a member of Boccella Acquisitions is itself a limited liability company, then the exhibit also identifies the citizenship of that entity's member(s); if it is a partnership, the citizenship of the partners is identified; and if it is a trust, the citizenship of its trustee(s) is identified. *See id.*

7.   Defendant Boccella Precast is a Delaware limited liability company, and its members are:

- Boccella Acquisitions – Boccella Acquisitions' members and the states of their citizenship are identified on Exhibit C.

- Main Street Equity Interests, Inc. – Main Street is a Delaware corporation with its principal of business in Houston, Texas.

- HMS Equity Holding LLC – It is a Delaware limited liability, and its sole member is MSC Income Fund, Inc. MSC Income Fund, Inc. is a Maryland corporation with its principal of business in Houston, Texas.

8.   Both Lynch and Lorentzen are citizens of the State of Illinois. *Id.*, ¶¶ 9,10.

3

**b.**    ***The Amount In Controversy Requirement Is Satisfied***

9.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The amount in controversy here meets the jurisdictional requirements. Count One and Count Two (which incorporates the allegations of Count One) seek at least $3 Million against Boccella Acquisitions for each Plaintiff. Count Three pleads, in the alternative, for reformation of the agreement so that Plaintiffs could receive the same $3 plus million. And Count Six (which also incorporates the allegations of Count One) seeks damages against Lynch and Lorentzen for breach of their fiduciary duty by depriving Plaintiffs of the $3 plus million they seek in Counts One, Two, and Three which exceeds the jurisdictional threshold.

10.    Count Five seeks a declaration that Plaintiffs' restrictive covenants with Boccella Precast are unenforceable. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *accord Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 398 (3d Cir. 2016). Plaintiffs both had employment agreements with Boccella Precast. Copies of these agreements are attached as Exhibits D and E, respectively.

11.    Anthony was the Chief Executive of Boccella Precast. Ex. D, § 2(a). His salary commenced at $230,000 annually and could never be reduced. *Id.*, § 3(a).

12.    Joseph was the President of Boccella Precast. Ex. E, § 2(a). He, too, received an initial salary of $230,000 annually that could never be reduced. *Id.*, § 3(a).

4

13.     Given their salaries, their claim in Count Five of the Complaint for declaratory judgment that their restrictive covenants are unenforceable plainly exceed the jurisdictional threshold.

## II.     Defendants Have Satisfied The Procedural Requirements For Removal

14.     Defendants have filed this Notice of Removal within 30 days after their receipt of service of the Complaint.  Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1).

15.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).   The United States District Court for the Eastern District of Pennsylvania embraces Philadelphia County, Pennsylvania.

16.     No previous application has been made for the removal requested herein.

### PRESERVATION OF RIGHTS AND DEFENSES

17.     All rights are reserved, including, but not limited to, defenses and obligations as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief.  The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

18.     Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants respectfully give notice that the above-captioned civil action pending in the Court of Common Pleas of Philadelphia County is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

Dated:  March 19, 2026

ARMSTRONG TEASDALE LLP

By: /s/ Michael C. Witsch
       Michael C. Witsch, PA ID: 313884
       mwitsch@atllp.com
       One Commerce Square
       2005 Market Street – 29th Floor
       One Commerce Square
       Philadelphia, PA  19103
       Tel:  (267) 780-2000
       Fax:  (215) 405-9070

*Attorneys for Defendants*
*Boccella Acquisitions LLC, Boccella Precast Products LLC, James M. Lynch, and John Lorentzen*

6

## CERTIFICATE OF SERVICE

I, Michael C. Witsch, counsel for Defendants, hereby certify that on March 19, 2026, the foregoing *Notice of Removal*, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via email at the addresses listed as follows:

Matthew A. Green
*matthew.green@obermayer.com*
Matthew E. Selmasska
*matthew.selmasska@obermayer.com*
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street – 34th Floor
Philadelphia, PA  19102

/s/ Michael C. Witsch
Michael C. Witsch